UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERMA J. DUPREE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )      No. 4:12CV1981 SNLJ |
| | ) |
| GREAT CIRCLE, et al., | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to proceed in forma pauperis. The motion will be granted. Also before the Court is plaintiff's motion for appointment of counsel, which will be denied, without prejudice at this time.

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to review the complaint and dismiss any part of it that is frivolous, malicious, or fails to state a claim upon which relief can be granted. Upon review of the complaint, the Court will dismiss plaintiff's claims against defendant Yvonne Bingham.

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 for race discrimination and retaliation.[1] Named as defendants are Great Circle, plaintiff's former

---

[1]Although plaintiff did not check the box for "Title VII" on her complaint form, she included allegations which appear to fall under Title VII for race discrimination and retaliation in the body of her complaint and outlined these same allegations in her charge of discrimination attached to her complaint, which specifically states she is bringing her claims pursuant to Title VII.  See Fed.R.Civ.P. 10.

employer, and Yvonne Bingham, plaintiff's former supervisor. Plaintiff alleges that Yvonne Bingham treated her differently than a white employee and terminated her from her position as a Foster Parent Provider because of her race and in retaliation for her complaints.

Title VII provides a remedy only against an "employer." The Eighth Circuit Court of Appeals has squarely held that "supervisors may not be held individually liable under Title VII." Bonomolo-Hagen v. Clay Central-Everly Community School District, 121 F.3d 446, 447 (8th Cir. 1997) (citing Spencer v. Ripley County State Bank, 123 F.3d 690, 691-92 (8th Cir. 1997) (per curiam)); see Bales v. Wal-Mart Stores Inc., 143 F.3d 1103, 1111 (8th Cir. 1998). As a result, plaintiff's claims against Yvonne Bingham fail to state a claim upon which relief can be granted.

Additionally, the Court has reviewed plaintiff's complaint in its entirety, and believes that appointment of counsel is not warranted at this time. There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are

complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005. Plaintiff has been able to articulate her employment discrimination claims in a clear manner at this juncture, and the Court believes that the facts and legal issues are not so complex that she cannot continue to do so in the near future. As such, plaintiff's motion for appointment of counsel will be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [#2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's claims against Yvonne Bingham are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue as to defendant Great Circle at the address provided in the Complaint.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** without prejudice.

An Order of Partial Dismissal will accompany this Order.

Dated this 6th day of December, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE