**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **ERMA J. DUPREE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **No. 4:12-CV-1981SNLJ** |
| ) | |
| **GREAT CIRCLE,** ) | |
| ) | |
| **Defendant.** ) | |

**<u>MEMORANDUM</u>**

This matter is before the Court on defendant Great Circle's Motion for Summary

Judgment, which was filed February 22, 2013 (#12).  Plaintiff has not responded, and the time

for doing so has passed.

**I.  Background**

Plaintiff filed this action on October 23, 2012, claiming race discrimination and

retaliation by the defendant in violation of Title VII of the Civil Rights Act of 1964.[1]  Plaintiff

alleges she was a foster parent to three children, apparently under the supervision of defendant

Great Circle.  Plaintiff further alleges that defendant treated her differently from a white foster

care provider and that Great Circle terminated her as a foster parent because of her race and in

retaliation for her complaints.  According to undisputed evidence provided by the defendant,

defendant Great Circle is a not-for-profit organization that, among other things, works closely

---

[1]Although plaintiff did not check the box for "Title VII" on her complaint form, she
included allegations which appear to fall under Title VII for race discrimination and retaliation
in the body of her complaint and outlined these same allegations in her charge of discrimination
attached to her complaint, which specifically states she is bringing her claims pursuant to Title
VII. *See* Fed. R. Civ. P. 10.

with a network of foster families who provide care for high-need children.  The foster parents are licensed by the Missouri Department of Social Services Children's Division ("Department").

In 2012, plaintiff was a foster parent who worked with Great Circle to provide foster care for three children in her home.  Defendant Great Circle received a complaint about plaintiff's care, and, as a result of the complaint, defendant conducted an investigation and reported the matter to the Department.  The Department found the report to be unsubstantiated, but the Department decided not to renew plaintiff's foster parenting license.

Plaintiff's complaint requests the following relief: "I would like for the courts to please not allow our license to be taken away.  We have been helping children way before this incident and is a home of love for unfortunate children.  Also, the lost income needs to be restored or back pay to be considered."

## II.    Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962).  The burden is on the moving party.  *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988).  After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts.  *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976). With these principles in mind, the Court turns to the discussion.

### III. Discussion

Plaintiff claims that defendant's actions constitute discrimination and retaliation in violation of Title VII of the Civil Rights Act (the "Act"). According to that Act, "[i]t shall be an unlawful employment practice for an employer...to...discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. The Act applies to employees and not, for example, independent contractors. *Lerohl v. Friends of Minnesota Sinfonia*, 322 F.3d 486, 489 (8th Cir. 2003). Here, plaintiff was not an employee of the defendant. She did not receive wages or any other benefits (such as healthcare or retirement benefits) from Great Circle. Plaintiff does not dispute those facts, nor did she respond at all to defendant's motion for summary judgment. Because plaintiff was not an employee of Great Circle, she cannot recover under the Act.

To the extent plaintiff sought to bring claims under the Americans with Disabilities Act or the Age Discrimination in Employment Act, those claims would fail for the same reason: those two acts also apply only to employer-employee relationships. *See id.* (ADA); *Jenkins v.*

*Southern Farm Bureau Cas.*, 307 F.3d 741, 742 (8th Cir. 2002) (ADEA).

**IV.    Conclusion**

Summary judgment will be granted to defendant Great Circle on all plaintiff's claims.

Dated this  12th   day of June, 2013.


_____

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

-4-